IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2026

## STATE OF TENNESSEE v. LOUIS L. STEELE

**Appeal from the Circuit Court for Hardeman County**
No. 24-CR-159     Weber McCraw, Judge

————————————————————

### No. W2025-01690-CCA-R3-CD

————————————————————

Defendant, Louis L. Steele, was convicted by a Hardeman County Jury of one count of indecent exposure in a penal facility, and the trial court imposed a Range II, three-year sentence to be served in the Department of Correction, consecutively to his Davidson County sentence. On appeal, Defendant argues that the evidence was insufficient to support his conviction. Following our review of the entire record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JOHN W. CAMPBELL, SR., JJ., joined.

Bo Burk, Public Defender; Matthew C. Edwards, Assistant Public Defender, Somerville, Tennessee, for the appellant, Louis L. Steele.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Joshua R. Gilbert, Assistant Attorney General (*pro hac vice*); Mark Davidson, District Attorney General; Joe VanDyke, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

A Hardeman County Grand Jury indicted Defendant for indecent exposure in a penal institution. Prior to trial, the trial court granted the State's motion to amend the

indictment to reflect the necessary elements of the offense to put Defendant on adequate notice of the elements of the charge.

At trial, Anne Rourke testified that she was a correctional officer ("C.O.") at Whiteville Correctional Facility in Hardeman County. She worked primarily nights, and after lockdown, her job included hourly checks on each of the inmates in the pod to which she was assigned. C.O. Rourke identified Defendant in the courtroom and testified that while conducting her hourly checks on July 7, 2024, as she approached Defendant's cell door, "he stepped back from the door and was masturbating." When she told him to stop, he "[l]aughed in [her] face." She cautioned him that if he did not stop, she would write him up.

As was her routine, when C.O. Rourke conducted her rounds the next hour, she announced her presence before entering the pod so inmates would be aware there was a female in the unit. Defendant was again standing at his door masturbating, and laughed in her face as she approached. She then "wrote him up." She testified that Defendant's actions made her feel "[e]mbarassed, disgusted, just gross. [She] felt like he was doing it intentionally to harass [her.]" She believed she acted fairly when she gave him a warning on the prior hourly check and that he targeted her because of her prior warning.

On cross-examination, C.O. Rourke could not identify Defendant's cell number. She knew only that he was in the F pod. She could not recall if he had a cellmate at the time because he was standing in front of the door "so all [she] could see was him." Defendant did not speak to her and could not touch her; he just laughed. She did not know the outcome of her write-up of Defendant. C.O. Rourke did not believe Defendant was laughing because he was embarrassed; she thought he was laughing because she told him to stop and yet he continued the behavior on her second round.

Defendant did not testify nor did he present any evidence.

Based on this proof, the jury convicted Defendant as charged. Defendant filed a timely motion for new trial which the trial court denied. It is from this judgment Defendant appeals. This court granted Defendant's motion to late-file his notice of appeal.

## Analysis

Defendant argues that the evidence was insufficient to support his conviction for indecent exposure in a penal institution because C.O. Rourke's testimony was contradictory and her testimony about Defendant's intentions was speculatory. The State responds that the evidence is sufficient to support the conviction. We agree with the State.

"Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the criminal defendant bears the burden on appeal of showing that

the evidence was legally insufficient to sustain a guilty verdict." *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009) (citing *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). When evaluating the sufficiency of evidence on appeal, the relevant question is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Wagner*, 382 S.W.3d 289, 297 (Tenn. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see* Tenn. R. App. P. 13(e). The State is entitled to the strongest legitimate view of the evidence presented at trial and to all reasonable and legitimate inferences that may be drawn from the evidence. *State v. Gibson*, 506 S.W.3d 450, 458 (Tenn. 2016). This court will not reweigh or reevaluate the evidence, and it may not substitute its inferences drawn from circumstantial evidence for those drawn by the trier of fact. *State v. Davis*, 466 S.W.3d 49, 70 (Tenn. 2015). A jury's verdict of guilt, approved by the trial court, resolves conflicts of evidence in the State's favor and accredits the testimony of the State's witnesses. *State v. Smith*, 436 S.W.3d 751, 764 (Tenn. 2014). "Questions concerning the credibility of witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997).

A person confined in a penal institution commits the offense of indecent exposure "who with the intent to abuse, torment, harass or embarrass a guard or staff member . . . intentionally exposes the person's genitals or buttocks to the guard or staff member." T.C.A. § 39-13-511(c)(1)(A). A guard "means any sheriff, jailer, guard, correctional officer, or other authorized personnel charged with the custody of the person." *Id.* § 39-13-511(c)(2)(A). A penal institution "includes any institution or facility used to house or detain a person" convicted of a crime. *Id.* § 39-16-601(4)(A).

Defendant stipulates that he was incarcerated and serving a sentence in the Whiteville Correctional Facility in Hardeman County, and was thus, a person confined in a penal institution as defined by Tennessee Code Annotated section 39-16-601. However, Defendant argues that "it seems unreasonable that had C.O. Rourke been embarrassed, felt harassed or tormented due to [Defendant's] actions that she would not have issued a write[-]up] in the first instance." And because Defendant never spoke to C.O. Rourke, Defendant claims C.O. Rourke's thoughts about Defendant's intentions were "speculation at best."

Viewed in the light most favorable to the State, the proof at trial was while Defendant was an inmate at a penal facility, he exposed himself by masturbating at his cell door after C.O. Rourke announced her presence. When C.O. Rourke told Defendant to stop, he laughed in her face. After warning Defendant to stop, he repeated his behavior when C.O. Rourke made her second hourly check. He again laughed in response to her command to stop. She testified that she was embarrassed, disgusted, felt "just gross" and felt targeted because she had told Defendant to stop his behavior. This proof was sufficient for a rational jury to conclude Defendant's intent to harass or embarrass C.O. Rourke.

Defendant argues that C.O. Rourke's testimony was contradictory and it was unreasonable for her to be embarrassed since she did not write him up the first time. However, the jury, by their verdict, accredited C.O. Rourke's testimony and resolved conflicts, if any, in favor of the State. *See Smith*, 436 S.W.3d at 764. The proof was sufficient for a rational jury to conclude that Defendant intended to harass or embarrass C.O. Rourke based on her testimony that after she told Defendant to stop masturbating, he laughed and then continued his behavior when she made her rounds again. *State v Jackson*, No. W2025-01212-CCA-R3-CD, 2026 WL 296373 (Tenn. Crim. App. Feb. 4, 2026), *no perm. app. filed*.

The evidence is sufficient to support Defendant's conviction; he is not entitled to relief.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.


s/*Jill Bartee Ayers*
JILL BARTEE AYERS, JUDGE

- 4 -